UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY CALIFORNIA DEPT OF CORRECTIONS, et al.,<br><br>Defendants. | No. 2:21-cv-00519 WBS DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment through their deliberate indifference and state created danger to the plaintiff. Before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and plaintiff's complaint for screening (ECF No. 1).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and the complaint will be dismissed with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

### I.   Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Id. at 676.

### III.  Allegations in the Complaint

In the complaint, plaintiff states that, at all relevant times, he was located at Wasco State Prison ("WSP") or California State Prison, Corcoran ("CSP-COR").  (ECF No. 1 at 4-5.) Plaintiff names as defendants the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and the Attorney General of California.  (Id. at 2.)

Plaintiff alleges the following: on October 15, 2020, plaintiff was placed within CDCR's Mental Health Services Delivery System ("MHSDS") as a result of plaintiff "refusing to answer questions concerning [his] medical well being."  (Id. at 4.)  Plaintiff sought to be removed from MHSDS but was denied.  (Id. at 5.)  Following this denial, plaintiff was "tacitly" threatened by CDCR by placing him in an administrative segregation unit which plaintiff believes to be a precursor to placement "into one of the state's mental health asylums."  (Id.)  On March 15, 2021, CDCR staff "threatened to involuntarily medicate [plaintiff] based on [his] steadfast refusal to either communicate with mental health staff or participate in any of its programs."

Plaintiff also alleges CDCR staff members committed "multiple batteries" against him.  (Id.)  Plaintiff was touched on the arm "in an offensive manner" by correctional officer S. White while officer White was escorting plaintiff.  (Id.)  In response, plaintiff "forcibly" removed his arm from officer White's grasp.  (Id.)  Officer White when then pushed plaintiff face first against a wall and called for assistance.  (Id.)  Correctional officer Vera "took over physical control" of the plaintiff and exerted his weight on the plaintiff against the wall causing plaintiff to experience

"labored breathing." (Id.) Defendant Vera "appeared to prepare to throw [plaintiff] to the ground" so plaintiff attempted to "free [his] left hand from the medical restraints applied to [his] wrists." (Id. at 5-6.) Officer Vera then "took [plaintiff] to the ground" and an unknown correctional officer "exerted extreme pressure to the back of [plaintiff's] diaphragm." (Id. at 6.) While plaintiff was on the ground he "was kicked in the face" and "subjected to a cartoroid [sic] choke hold." (Id.) Plaintiff required ten stitches "directly above [his] right eyebrow." (Id.) Plaintiff also claims the report for this incident "contains a false allegation" that plaintiff had "committed a battery" against officer White. (Id.)

Finally, plaintiff alleges that "the department" has refused to provide him with a "high fiber/GERD diet" and a foam wedge despite these both being medically ordered. (Id.) Plaintiff also states that "Dr. B" prescribed plaintiff "dicyclomine" despite plaintiff being "forbidden" from taking it due to his gastroesophageal reflux disease ("GERD"). (Id.)

Plaintiff seeks "injunctive and declaratory relief from the Court and damages at an amount to be determined by the court". (Id. at 8.)

### IV.    Does Plaintiff State a § 1983 Claim?

#### A. Possible Failure Exhaust Administrative Remedies

The complaint indicates that plaintiff has not properly exhausted his administrative remedies at CMF prior to filing the instant action. Plaintiff states that he has not sought administrative remedies as "redress is unavailable…due to the affirmative acts of misconduct by the defendants."[1] (ECF No. 1 at 7.) As a demonstration of the exhaustion of administrative remedies is not a pleading requirement (see Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates are not required to specifically plead or demonstrate exhaustion in their complaints (see Jones v. Bock, 549 U.S. 199, 216 (2007)), the court will conduct a substantive screening of this action at this time. However, the plaintiff is again warned that should defendants be ordered to respond to this action, any failure to exhaust that can be substantiated

---

[1] Plaintiff also references a motion for temporary restraining order filed with the court to support the proposition that administrative remedies are unavailable to him. (ECF No. 1 at 7.) However, as this motion seeks an order due to a denial of medical treatment, it is unclear how this order serves as evidence that administrative remedies are unavailable to plaintiff.

may be proffered by defendants as an affirmative defense in support of the dismissal of this action. See generally Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (stating failure to exhaust is affirmative defense defendants must plead and prove).

### B. Linkage Requirement

The majority of plaintiff's claims do not directly involve either of the defendants that plaintiff names in his complaint. In order to state a claim under § 1983, there must exist an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell, 436 U.S. 658; Rizzo, 423 U.S. 362. Additionally, a theory of respondeat superior may not be used to hold government officials liable for the actions of their subordinates. Iqbal, 556 U.S. at 676.

As currently alleged, plaintiff's deliberate indifference claims do not involve any action or omission by the defendants. (See ECF No. 1 at 4-6.) Plaintiff also alleges that defendants violated plaintiff's Eighth Amendment rights when they were "made aware of State Law Enforcement personnel under their direct supervision violating substantive [Constitutional] rights." (ECF No. 1 at 7.) Defendants, as government officials, cannot be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676.

Given the above, plaintiff has not satisfied the linkage requirement and the complaint does not contain sufficient facts to establish deliberate indifference by the defendants. The complaint will be dismissed with leave to amend. In an amended complaint plaintiff must ensure that the facts alleged in the complaint identify the specific acts or omissions by each individual defendant which violated the plaintiff's rights. Id. Should plaintiff file an amended complaint, he may also bring additional claims and name additional defendants in an amended complaint.

### AMENDING THE COMPLAINT

This court finds above that plaintiff has not alleged sufficient facts to state a cognizable claim against defendants. Plaintiff will be given the opportunity to file an amended complaint.

If plaintiff chooses to do so, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty (30) days of the date of this order, plaintiff shall file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

4. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 11, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/smit0519.scrn