UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY, et al.,<br><br>Defendants. | No. 2:21-cv-00519 WBS DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's motion for preliminary injunction (ECF No. 17) and his First Amended Complaint ("FAC") for screening (ECF No. 14).

For the reasons set forth below, this court will recommend that plaintiff's motion for preliminary injunction be denied. Additionally, plaintiff's FAC will be dismissed with leave to amend.

////
////
////
////
////
////

1

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff filed a motion for preliminary injunction on June 6, 2022. (ECF No. 17.) The court previously denied a motion for preliminary injunction on November 24, 2021. (ECF No. 15.) In the current motion, plaintiff states that he is now seeking to "prohibit the Kings Co Super Ct from acting in excess of its jurisdiction by holding criminal proceedings against me for false disciplinary charges." (ECF No. 17 at 2.) Plaintiff claims that as a result of retaliation by correctional officials he was "subject of a host of false disciplinary charges." (Id. at 3.) Based on plaintiff's motion, it appears these events resulted in at least one criminal case. (Id.)

Plaintiff also raises concerns regarding two previous incidents of "excessive force" by correctional officers. (Id. at 4.) These incidents occurred on March 16, 2021 and June 29, 2021. (Id. at 5.) Plaintiff claims that in the first use of force he was kicked in the face while wearing handcuffs resulting in ten stitches above his right eye. (Id.) During the second incident, he was "punched in the face no less than ten…times" and sustained multiple fractures to his jaw. (Id.) Plaintiff also recognizes that these events "occurred months ago" but explains that "they would not have occurred" if he was housed at a different institution. (Id.)

Plaintiff also raises concerns regarding the treatment of his GERD that he previously raised in his initial motion for preliminary injunction. (Id.) Plaintiff also adds an argument related to allegedly deficient medical care on his broken jaw. (Id.)

**I.     Legal Standards**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of

hardships tips in his favor, and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 555 U.S. at 20).  Further, an injunction against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").

It is typically only appropriate to grant preliminary injunctive relief where the relief sought is "of the same character as that which may be granted finally" in the lawsuit.  De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945).  However, in certain exceptional situations, the court may consider injunctive relief in order to permit the case to proceed.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  "A preliminary injunction is an 'extraordinary and drastic remedy; it is never awarded as of right."  Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted).

**II.  Discussion**

Plaintiff has not established that it is likely that he will suffer irreparable harm if he is not granted a TRO and/or a preliminary injunction.  Plaintiff's motion addresses three separate claimed harms: (1) the charges he faces in state court, (2) the previous purported uses of excessive force he suffered by correctional staff, and (3) the treatment of his medical needs.

Plaintiff has not shown that he is likely to suffer irreparable harm related to the previous incidents of excessive force.  As plaintiff himself recognized, these events occurred "months ago" in March and June of 2021.  (ECF No. 17 at 5.)  These dates were almost a year prior to when

1   plaintiff filed the present motion.  As such, they do not serve to show plaintiff is presently likely
2   to suffer harm in the absence of injunctive relief or that such harm is imminent in nature.  See
3   Stormans, 586 F.3d at 1127; Caribbean, 844 F.2d at 674.  Plaintiff has not presented any
4   additional information showing that he faces imminent harm in connection with these past
5   incidents.  Thus, plaintiff has not demonstrated what is necessary to obtain preliminary injunctive
6   relief related to the alleged excessive force.  Id.

7   Plaintiff's request for preliminary injunctive relief related to the treatment of his GERD
8   was addressed in the findings and recommendations denying his previous motion.  (See ECF No.
9   7.)  At that time, the court found plaintiff had not established how he would face irreparable harm
10  absent injunctive relief as plaintiff simply stated that denial of his constitutional rights would
11  cause irreparable harm.  (Id. at 5.)  Plaintiff has not added any substantive information regarding
12  his GERD which clarifies the risk of irreparable harm.  The treatment of plaintiff's jaw also does
13  not show plaintiff is at risk of irreparable harm.  Plaintiff's statements appear to relate only to
14  plaintiff's displeasure with prior treatment he received.  (Id.)  Nothing in the motion shows that
15  there is any future risk of harm and that such harm is likely and irreparable.  Given the above,
16  plaintiff's arguments related to his medical treatment fail to establish a likelihood of irreparable
17  harm necessary for a preliminary injunction.  See Stormans, 586 F.3d at 1127.

18  As to plaintiff's state court charges, interfering with the enforcement of state and local
19  criminal laws is not in the public interest.  See Video Gaming Technologies, Inc. v. Bureau of
20  Gambling Control, 356 Fed. Appx. 89, 94 (9th Cir. 2009) (finding that a preliminary injunction
21  interfered with the public interest when it frustrated the enforcement of state and local criminal
22  laws).  More importantly, plaintiff cannot succeed on the merits of claims related to his ongoing
23  criminal proceedings due to the requirement that the court abstain pursuant to Younger v. Harris,
24  401 U.S. 37 (1971).  Under Younger, the Federal courts are instructed to abstain from intervening
25  in pending state criminal cases, including where a party seeks a preliminary injunction.  See
26  Spengler v. Villanueva, No. CV 19-8259 DOC, 2019 WL 8112681, at *3 (C.D. Cal. Dec. 11,
27  2019); See also Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432
28  ////

(1982). As plaintiff has not shown that an exception to Younger applies, plaintiff has not shown that it would be in the public interest or that he is likely to succeed on the merits of this claim.[1]

In accordance with the above, it will be recommended that plaintiff's motion for preliminary injunction be denied. See Stormans, 586 F.3d at 1127.

**FIRST AMENDED COMPLAINT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

However, the court cannot conduct the required screening as, in its current form, the FAC is illegible. Plaintiff has written much of the complaint in small, compact text. (See ECF No. 14 at 6, 8, 11, 14, 16, 19.) As plaintiff's documents must be scanned to be added to the docket, the small text makes the complaint illegible. Accordingly, the court will dismiss the FAC and direct plaintiff to file an amended complaint that is legible.

Plaintiff should note that the federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). In any amended complaint, plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a)

////

---

[1] Under the Younger abstention doctrine, the action must be dismissed without prejudice where the doctrine applies. See Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 2988). As discussed below, the current state of the FAC makes it exceedingly difficult to determine plaintiff's claims. Thus, it cannot be determined if plaintiff has raised claims related to the ongoing state proceedings in the FAC or only in the motion for preliminary injunction. As such, the court will not determine if abstention under Younger is necessary at this time as it would be premature. However, for the purposes of the motion for preliminary injunction, plaintiff's arguments as to his pending criminal case would still implicate Younger and thus, plaintiff cannot succeed on the merits of these claims. See Spengler, 2019 WL 8112681, at *3.

1   is the starting point of a simplified pleading system, which was adopted to focus litigation on the
2   merits of a claim."); Fed. R. Civ. P. 8.
3       Additionally, unrelated claims against different defendants should be brought in separate
4   actions.  Allegations related to different defendants may only be brought in the same case if the
5   allegations arise out of the same transaction or occurrence, or series of transactions and
6   occurrences. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371,
7   1375 (9th Cir. 1980).
8   ////
9   ////
10  ////
11  ////
12  ////
13  ////
14  ////
15  ////
16  ////
17  ////
18  ////
19  ////
20  ////
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The First Amended Complaint (ECF No. 14) is dismissed with leave to amend.

2. Within sixty (60) days of the date of this order plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 6, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/smith0519.pre_inj+rl8