| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY, et al.,<br><br>Defendants. | No. 1:23-cv-00526-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S "OBJECTIONS" CONSTRUED AS A MOTION FOR RECONSIDERATION<br><br>(ECF No. 33) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Lawrence Christopher Smith ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's "objections" to the Court's April 21, 2023, screening order. (ECF No. 33.) There is no provision for objections to the order at issue, and the Court construes the filing as a motion for reconsideration. *See* Fed. R. Civ. P. 60(b).

**I.**

**LEGAL STANDARD**

Reconsideration motions are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987) (holding that a motion to set aside a default judgment, like other reconsideration motions, are committed to the discretion of the trial court and any ruling thereon will be reversed on appeal only if discretion is abused). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the

court to reverse a prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987) (holding that three major grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice."). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. "Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya*, No. 1:05-cv-01247-AWI-GSA-PC, 2012 WL 995757, at *1 (E.D. Cal. Mar. 23, 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination . . . ." *Merritt v. Int'l Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.1981). Rather, the Court reconsiders a Magistrate Judge's order by applying the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). As such, the Court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (holding that discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Federal Rule of Civil Procedure 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). The "contrary to law" standard allows independent, plenary review of purely legal determinations by a magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure."

*Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D.Minn. 2008); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

## II.

## DISCUSSION

In his motion, Plaintiff disagrees with the Magistrate Judge's screening order finding that his second amended complaint failed to state a cognizable claim for relief. (*See* ECF No. 33.) In screening Plaintiff's second amended complaint, the Magistrate Judge carefully considered Plaintiff's allegations, liberally construed the allegations in light of Plaintiff's *pro se* prisoner status and explained in detail why the second amended complaint failed to state a claim under section 1983. (ECF No. 32.) In addition, Plaintiff had been notified of the deficiencies in his claims and given leave to amend. (*See id.* at 22.) Thus, the Court did not deprive Plaintiff of notice and an opportunity to amend. Plaintiff's objections set forth the factual allegations of his complaint and based on the same, he alleged that he has stated a cognizable claim for relief. However, Plaintiff cannot conclude that the Magistrate Judge was wrong and that his claims are cognizable without filing a third amended complaint.

Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 n.45 (E.D. Cal. 2001); *see also In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (finding that Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices). Plaintiff's disagreement with the Court's screening order is not grounds for reconsideration. To the extent Plaintiff has presented new allegations that are not present in the second amended complaint, his remedy is to file a third amended complaint in compliance with the Court's April 21, 2023, screening order, not a motion for reconsideration.

///

///

///

///

## III.

## ORDER

Accordingly,

1. Plaintiff's motion for reconsideration, filed on May 22, 2023, (ECF No. 33), is denied.

IT IS SO ORDERED.

Dated:   September 18, 2023

_____
UNITED STATES DISTRICT JUDGE