UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | No. 1:23-cv-00526-KES-SAB (PC) |
| Plaintiff, | ORDER STRIKING THIRD AMENDED COMPLAINT FOR EXCEEDING 25-PAGE LIMITATION |
| v. | |
| SECRETARY, et al., | (ECF No. 42) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On November 4, 2024, Plaintiff's motion to stay the proceeding was denied by the District Judge, and Plaintiff was granted thirty days to file a third amended complaint in compliance with the Court's screening order. (ECF No. 41)

On December 6, 2024, Plaintiff filed a third amended complaint. (ECF No. 42.) In preparing to screen the third amended complaint, the Court noted that it is pages fifty-four pages in length, and includes multiple unrelated claims and defendants.[1] (Id.)

Plaintiff is advised that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir.

---

[1] Notably, based on a cursory review of the third amended complaint, Plaintiff presents approximately 25 separate claims of excessive force, along with several other claims for relief. (ECF No. 42.)

1

2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Notably, it is well-established that district courts have an inherent power to control their dockets. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010) (citation omitted). The Ninth Circuit has determined the imposition of a 20-page limit is not a constitutional violation. See Wolf v. Idaho State Bd. of Correction, 2021 WL 3721434, at *2 (9th Cir. Aug. 23, 2021) (finding the district court did not abuse its discretion in striking a complaint that did not comply with the 20-page limit, and finding the plaintiff's "contentions that the page limit violates his rights to access he courts and to due process lack merit").  Likewise, other circuit courts have found the imposition of page limitations on pleadings is not unconstitutional. See, e.g., Watts v. Thompson, 116 F.3d 220, 224 (7th Cir. 1997) ("Enforcing page limits and other restrictions on litigants is rather ordinary practice. This court has a page limit which is rather strictly, and cheerfully, enforced." ); Lewis v. Florida Dep't of Corr., 739 Fed. Appx. 585 (11th Cir. Sept. 28, 2018) (affirming the dismissal of an action for failure to comply with a court order to file an amended complaint that complied with the page limitation, and rejecting the argument that a page limitation was "unconstitutional ... because it effectively denied him access to the courts").

In this instance, because the third amended complaint does not comply with the Court's order not to exceed twenty-five pages in length, the Court must strike it from the record.  Plaintiff will be permitted to file a third amended complaint that complies with Federal Rules of Civil Procedure, the Local Rules, and this Court's prior screening order, and given the fact that Plaintiff cannot join unrelated claims and defendants in a single complaint, the Court finds that twenty-five

1  (25) pages is sufficient to present his allegations.

2  Based on the foregoing, it is HEREBY ORDERED that:

3  1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4  2. Plaintiff's third amended complaint (ECF No. 42) is STRICKEN from the record;

5  3. Within thirty (30) days from the date of service of this order, Plaintiff may file a third amended complaint, not to exceed **twenty-five (25)** pages in length; and

7  4. The failure to comply with this order will result in a recommendation that the action be dismissed for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **April 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3