1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   LAWRENCE CHRISTOPHER SMITH,          No.  1:23-cv-00526-KES-SAB (PC)

12              Plaintiff,                 SECOND ORDER STRIKING PLAINTIFF'S
                                           THIRD AMENDED COMPLAINT,
13         v.                              GRANTING ONE FINAL OPPORTUNITY
                                           TO FILE A THIRD AMENDED COMPLAINT
14   SECRETARY, et al.,
                                           (ECF No. 49)
15              Defendants.

16

17         Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18   U.S.C. § 1983.

19         On November 4, 2024, Plaintiff's motion to stay the proceeding was denied by the District

20   Judge, and Plaintiff was granted thirty days to file a third amended complaint in compliance with

21   the Court's screening order.  (ECF No. 41)

22         On December 6, 2024, Plaintiff filed a third amended complaint.  (ECF No. 42.)  On April

23   23, 2025, the Court issued an order striking Plaintiff's third amended complaint because it

24   exceeded the 25-page limitation.  (ECF No. 49.)  On May 8, 2025, Plaintiff filed a third amended

25   complaint that is 48 pages in length and does not comply with Federal Rule of Civil Procedure 8.

26   (ECF No. 49.)

27   ///

28   ///

                                              1

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

## DISCUSSION

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief ...."  Fed. R. Civ. P. 8(a)(2).

1   Rule 8 states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

2   To ensure compliance with Rule 8, courts in the Eastern District of California generally limit

3   complaints to twenty-five pages. See Lal v. United States, 2022 WL 37019, at *2 (E.D. Cal. Jan.

4   3, 2022); Williams v. Corcoran State Prison, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022).

5   The page limit includes the complaint itself and any exhibits, for a total of twenty-five pages. See

6   Rivas v. Padilla, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022). "[A] lengthy complaint can

7   violate Rule 8 if a defendant would have difficulty responding to the complaint." Skinner v. Lee,

8   2021 WL 6617390, *2-*3 (C. D. Cal. May 20, 2021) (citing Cafasso v. Gen. Dynamics C4 Sys.,

9   Inc., 637 F.3d 1047, 1059 (9th Cir. 2011). A district court has the power to dismiss a complaint

10  when a plaintiff fails to comply with Rules 8's pleading directives. McHenry v. Renne, 84 F.3d

11  1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.

12  1981). When the factual elements of a cause of action are not organized into a short and plain

13  statement for each particular claim, a dismissal for failure to satisfy Rule 8(a) is appropriate.

14  Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also Nevijel, 651 F.2d at

15  674.  Under Rule 8, allegations of facts that are extraneous and not part of the factual basis for the

16  particular constitutional claim are not permitted. See Knapp v. Hogan, 738 F.3d 1106, 1109 (9th

17  Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff provide too much

18  information).

19      Nonetheless, a claim must be facially plausible to survive screening, which requires

20  sufficient factual detail to allow the court to reasonably infer that each named defendant is liable

21  for the misconduct alleged. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. The sheer possibility

22  that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short

23  of satisfying the plausibility standard. Iqbal, 556 U.S. at 678.  Although detailed factual

24  allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported

25  by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678 (citations omitted), and

26  courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572

27  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

28  ///

Plaintiff's third amended complaint fails to comply with Rule 8 due to its failure to state short and plain statements. As noted above, the third amended complaint is 48 pages in length and is largely incoherent and illegible.  A court cannot perform its screening function under 28 U.S.C. § 1915 if the complaint is illegible.  See Ramirez v. Perez, 2022 WL 21827691 (E.D. Cal. 2022). Local Rule 130(b) also requires that documents submitted for filing be legible.  The largely illegible complaint does not set forth a basis for federal jurisdiction and fails to state a claim upon which relief can be granted. The complaint also does not comply with Federal Rule of Civil Procedure 8 and does not put Defendants on notice of the claims against them. See Case v. Waddington, 2007 WL 1140282 (W.D. Wash. 2007) (dismissing action as it "cannot proceed without a legible complaint" and noting it would prejudice Ds who "would not receive sufficient notice as to the allegations brought against them").

Further, it is well-established that district courts have an inherent power to control their dockets. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010) (citation omitted). The Ninth Circuit has determined the imposition of a 20-page limit is not a constitutional violation. See Wolf v. Idaho State Bd. of Correction, 2021 WL 3721434, at *2 (9th Cir. Aug. 23, 2021) (finding the district court did not abuse its discretion in striking a complaint that did not comply with the 20-page limit, and finding the plaintiff's "contentions that the page limit violates his rights to access he courts and to due process lack merit").  Likewise, other circuit courts have found the imposition of page limitations on pleadings is not unconstitutional. See, e.g., Watts v. Thompson, 116 F.3d 220, 224 (7th Cir. 1997) ("Enforcing page limits and other restrictions on litigants is rather ordinary practice. This court has a page limit which is rather strictly, and cheerfully, enforced." ); Lewis v. Florida Dep't of Corr., 739 Fed. Appx. 585 (11th Cir. Sept. 28, 2018) (affirming the dismissal of an action for failure to comply with a court order to file an amended complaint that complied with the page limitation, and rejecting the argument that a page limitation was "unconstitutional ... because it effectively denied him access to the courts").

As noted above, a district court has discretion to dismiss a complaint due to its failure to comply with Rule 8. Because Plaintiff's third amended complaint is far in excess of the 25-page

4

limit generally imposed on complaints in the Eastern District of California and contains excessive and extraneous incoherent facts, it violates Rule 8.  Rather than spend an inordinate amount of time trying to evaluate what, if any claims are stated in Plaintiff's voluminous filing, the Court will permit Plaintiff one final opportunity to file another third amended complaint.  If Plaintiff fails to comply with the 25-page limitation, the Court will dismiss the action.

Plaintiff is advised that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In this instance, because the third amended complaint does not comply with the Court's order not to exceed twenty-five pages in length, the Court must strike it from the record.  Plaintiff will be permitted to file a third amended complaint that complies with Federal Rules of Civil Procedure, the Local Rules, and this Court's prior screening order, and given the fact that Plaintiff cannot join unrelated claims and defendants in a single complaint, the Court finds that twenty-five (25) pages is sufficient to present his allegations.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's third amended complaint (ECF No. 49) is STRICKEN from the record;

3.    Within thirty (30) days from the date of service of this order, Plaintiff may file a third amended complaint, not to exceed **twenty-five (25)** pages in length or a notice of voluntary dismissal; and

///

1      4.      The failure to comply with this order will result in a recommendation that the

2      action be dismissed.

3

4

5  IT IS SO ORDERED.

6  Dated:   **August 26, 2025**

                                           STANLEY A. BOONE

7                                     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28