UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY, et al.,<br><br>Defendants. | No.  1:23-cv-00526-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 53) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed September 15, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff's complaint is thirty pages in length and contains a multitude of different claims against several Defendants at different institutions, spanning from 2010 to 2024. (ECF No. 53.)

Plaintiff's third amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies. Indeed, Plaintiff's third amended complaint is full of vague and conclusory claims conspiracy, due process, retaliation, false disciplinary reports, excessive force, deliberate indifference, equal protection, and denial of access to the court. For example, throughout the complaint Plaintiff

2

alleges multiple repetitive conclusory instances of excessive force:

On March 13, 2013 defendants Alafa, Cabrera, Casto Chanel, Gonzales, Hunt, Ramirez, Rodriguez, Solelo, Swansey, Wattee, and Marquez utilized physical force against me in an illicit manner.  Relative to these event(s) the defendants authored a false crime report one which accused me of assaultive conduct towards defendant Knowlton thus my having to undergo proceedings before eth Departments [CDCR] judicial disciplinary system a process which denied me the opportunity to hear and be heard as the defendants to [sic] now include defendants Arlitz, Balkand, Biter, Cabrera, Henderson and Seamen denied me access to exculpatory evidence in violation of Cal. P.C. § 4501.1.

On February 6, 2014 defendants Banks, Gibbs, Hundy, Marker, Moralez, and Whiston utilized physical force against me in an illicit manner to include thru a harassive [sic] strip search.  Relative to these event(s) the defendants above in addition to defendants Fleenor, Garcia, Matzen, and Parrior authored a false crime report on which [sic] accused me of assaultive conduct towards defendant Gibbs thus my having to undergo proceedings before the Department s[CDCR] quasi-judicial disciplinary system and thru partial decisionmakers to wit defendants Hodges, Holland, Gutierrez, Mayo, and Voung the lot of whom obstructed my access to relevant witnesses a tribunal which sustained the false disciplinary charge leveled the results of which seeing imposed as punishment both a SHU term and loss of credits.

On August 17, 2015 defendants Anderson, Chavez, W. Gutierrez, and Silva utilized physical force against me in an illicit manner.  Relative to this event the defendants above in addition to defendants Amos, Jenson, Jolly, Windy, Matzen, and Pearce authored a false crime report on which accused me of assaultive conduct towards W. Gutierrez thus my having to undergo proceedings before the Departments [CDCR] quasi-judicial disciplinary system a process which denied me the opportunity to hear and be heard as the tribunal under the direction of defendants Archuletta, Holland and Matzen obstructed my access to relevant witnesses while also denying me exculpatory evidence in violation of Cal. P.C. § 4501.1.

On August 3, 2016 defendants Arias, Brooke, Carter, Moore, and Reynolds utilized physical force against me in an illicit manner.  Relative to this event the defendants above in addition to defendants Aguilar, Contreras, Diaz, Gaines, and Shepard authored a false crime report one which accused me of assaultive conduct towards defendant Reynolds, thus my having to undergo proceedings before the Departments [CDCR] quasi-judicial disciplinary system a process which denied me the opportunity to hear and be heard as the tribunal under the direction of defendants Darcy, Godwin, and John Does #34 [I.E.] and 35 [SHO] obstructed my access to relevant witnesses thus in order to sustain the false disciplinary infraction charged leveled the results of which seeing imposed as punishment both a SHU term and loss of credits.

On May 5, 2017 defendants Arrendo, Cerda, Herleman, Hernandez, Nunez, Silva, and Xiong utilized physical force against me in an illicit manner.  Relative to these event(s) the defendants above in addition to defendants Adame, Gallagher, Gonzales and Holland authored a false crime report one which accused me of assaultive conduct towards

defendant Silva thus my having to undergo proceedings before the Departments [CDCR] quasi-judicial disciplinary system a process and thru partial decisionmakers to wit defendants Godwin, Hackworth, and John Doe #38 [SHYO] and Sexton the lot of whom obstructed by access to relevant witnesses a tribunal which sustained the false disciplinary infraction charge leveled the results of which seeing imposed as punishment both a SHU term and loss of credits.

On January 24, 2019 defendants Casarez, Newton, and Walbor utilized physical force against me in an illicit manner.  Relative to this event the defendants above in addition to defendants Burger, Clemons, Hurlon, Fry, Short, Silvera and Strain authored a false crime report one which accused me of assaultive conduct towards defendant Casarez thus my having to undergo proceedings before the Departments [CDCR] quasi-judicial system a process which denied me the opportunity to hear and be heard as the tribunal under the direction of defendants Anderson, Bell, Frisk, Olsen, Robertson and Shaw obstructed my access to relevant witnesses thus in order to sustain the false disciplinary infraction charged leveled the results of which seeing imposed as punishment both a SHU term and loss of credits.

On January 14, 2020 defendants Cruz, Greene, Lesniak, and Oberlander utilized physical force against me in an illicit manner.  Relative to these event(s) the defendants above in addition to defendant Acevedo, Akin, Babb, Cervantes, Curel, Fabela, Gallagher, Gonzalez, Marlan, Payne, H. Perez, Rollins and Valladoid authored a false crime report one which accused me of obstructive behavior which impeded defendant Green's performance of prescribed duties thus my having to undergo proceedings before the Departments [CDCR] quasi-judicial disciplinary system a process which denied me the opportunity to hear and be heard as the tribunal under the direction of defendants Campbell, Clark, Gamboa, Juarez and Randolph obstructed my access to relevant witnesses by providing an incomplete crime report while also failing to provide exculpatory documentary evidence thus in order to sustain the false disciplinary infraction charge leveled the results of which seeing imposed as punishment a loss of credits.

On May 2, 2022, defendants Guzman, Riezebos, and Silva utilized physical force against me in an illicit manner.  Relative to this event the defendants above in addition to defendants Arias, Arisco, Burgarin, Campbell, Gonzalez, Hodson, Lopez, Moreno, Pederson, Patterson and Stanley authored a false crime report one which accused me of assaultive conduct towards defendant Riezebos thus my having to undergo proceedings before the Departments [CDCR] quasi-judicial disciplinary system a process which denied me the opportunity to hear and be heard as the tribunal under the direction of defendants Frisk, Pepiot and Smith obstructed my access to relevant witnesses by providing an incomplete crime report while also failing to produce exculpatory documentary evidence thus in order to sustain the false disciplinary infraction charge leveled the results of which seeing imposed as punishment both a SHU term and loss of credits.

On September 28, 2023, defendants Carson, Corban, Gandara, Gisler and Louie utilized physical force against me in an illicit manner.  Relative to these event(s) the defendants above in addition to defendants Clemons, Delott, Hernandez, McGhee, Morton, Strain and Vallejo authored a false crime report one which accused me of assaultive behavior towards defendant Louie thus my having to undergo proceedings before the Departments

4

[CDCR] quasi-judicial disciplinary system a tribunal which denied me due process as defendants Blythe, Frisk and Smith sustained the false disciplinary infraction charge leveled through their being no evidence which supported such a finding the results of which seeing imposed as punishment both a SU term and loss of credits.

On July 19, 2024 I was involved in a physical altercation with defendant Mello. Relative to this event the defendant above in addition to defendants Alafa, Anguiano, Bejar, Brown, Chavez, Cortez, Cudal, Dunalp, Gallapher, Goree, Lopez, Martinez, Mello, Montecino, Munez, Prado, Rosales, Serna, Torres and Wattree authored a false crime report one which accused me of assaultive conduct towards defendant Mello thus my having to undergo proceedings before the Departments [CDCR] quasi-judicial disciplinary system a process which denied me the opportunity to hear and be heard as the tribunal under the direction of defendants Horn, McCollough and Molina failed to produce exculpatory documentary evidence while also failing to have me produced before said tribunal the results of which saw imposed as punishment both a SHU term and loss of credits.

(ECF No. 53.)

Plaintiff also alleges several conclusory and unrelated instances of denial of appropriate medical treatment, among other conclusory claims. (Id.)

### III.

### DISCUSSION

For the reasons explained below, Plaintiff's *third* amended complaint should be dismissed, without further leave to amend.

A.     **Prior Civil Rights Actions**

Plaintiff is no stranger to this Court having previously filed several civil rights actions raising similar and/or the same allegations containing misjoined parties and unrelated claims. Indeed, Plaintiff has been repeatedly warned that he cannot raise unrelated claims and misjoined parties in a single action and his repeated attempts to do so has been met with dismissal of the action. See Smith v. Diaz, No. 1:20-cv-00349-JLT-HBK (PC) (dismissed on March 28, 2023, for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20, and for failure to state a cognizable claim for relief); Smith v. Becerra, No. 1:19-cv-01358-NONE-BAM (PC) (dismissed on August 18, 2020, for failure to state a claim specifically noting that his "objections to the findings and recommendations are simply another bad faith attempt on his part to bring improperly joined claims and defendants into a single action, and his proposed second amended

complaint again fails to provide support for the overarching conspiracy plaintiff is attempting to allege. Plaintiff has deliberately and repeatedly, through several separate legal actions, refused to abide by court orders setting forth the appropriate legal standards governing the pleading of the claims he is apparently attempting to assert.").

The instant action is yet another attempt by Plaintiff to raise several conclusory and vague claims spanning over 14 years that are unrelated and improperly joined in one action.  Thus, dismissal is warranted.

### A.    Statute of Limitations

In the third amended complaint, Plaintiff raises allegations that spanning from 2010 to 2024.  Thus, based on the face of the third amended complaint, the bulk of Plaintiff's claims are barred by the statute of limitations.

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.  The statute of limitations can be tolled for various reasons. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted). Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983) (footnote omitted); Addison v. State of California, 21 Cal. 3d 313, 319 (1978); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001) (en banc). "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his

6

claim against the effect upon the important public interest or policy expressed by the ... limitations statute.' " Jones, 393 F.3d at 928 (quoting Lantzy, 31 Cal. 4th at 371)).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.' " McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)); see also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

Additionally, California Code of Civil Procedure § 352.1(a) provides: "If a person entitled to bring an action ... is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

"Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues is a question of federal law, conforming in general to common-law tort principles. That time is presumptively when the plaintiff has a complete and present cause of action...." McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019) (citations and internal quotation marks omitted).

With regard to Plaintiff's claims from 2010 to 2018, even if Plaintiff is not serving a life sentence, it is clear that these claims should have been brought by 2022 at the latest, and are thus barred by the statute of limitations.  Nonetheless, Plaintiff also fails to state a cognizable claim for relief.

**B.    Federal Rule of Civil Procedure 8**

Rule 8 requires that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Twombly, 550 U.S. at 555 (quoting Conley

7

v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in original). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013). While Rule 8 "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 555, 557). Moreover, a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for those reasons).

The third amended complaint, as with the second amended complaint, does not provide Defendants sufficient notice of the factual basis for Plaintiff's claims against them. The Complaint is, for the most part, comprised of "labels and conclusions," "formulaic recitation of the elements of a cause of action," and " 'naked assertion[s]' devoid of 'further factual enhancement,' " which do not suffice to state a claim. Iqbal, 556 U.S. at 678 (alteration in original) (quoting Twombly, 550 U.S. at 555, 557). The Complaint is replete with conclusory allegations blaming numerous Defendants for each of the alleged wrongs that have befallen Plaintiff, but does not contain facts to connect each Defendant's actions with an alleged deprivation of Plaintiff's rights. "Threadbare allegations" of a Defendant's personal involvement, in an "attempt to hold him liable does not satisfy the pleading standards of Rule 8, as described in Iqbal and Twombly." Blantz v. Cal. Dep't of Corr. & Rehab., 727 F.3d 917, 927 (9th Cir. 2013).

In addition, the third amended complaint repeatedly lumps the Defendants together, making it difficult, if not impossible, for Defendants to understand their respective roles in the allegations. "As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.' " Adobe Sys. v. Blue Source Grp. Inc., 125 F.

8

Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting In re iPhone Application Litig., No. 11-MD-02250-LHK, 2011 WL 4403963 at *8, 2011 U.S. Dist. LEXIS 106865 at *8 (N.D. Cal. Sept. 20, 2011)). "Accordingly, a complaint which 'lump[s] together ... multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).' " Id. (alterations in original) (quoting Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 961 (S.D. Cal. 1996)).

**C.      Federal Rules of Civil Procedure 18 and 20**

As Plaintiff is well aware, he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20; Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349.

Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As with Plaintiff's second amended complaint, his third amended complaint contains multiple claims that are not related and are improperly joined.  Plaintiff may not bring allegations for different constitutional violations on different dates simply because they took place at the same prison facility.  Plaintiff also may not bring separate excessive force and retaliation claims in the same action.  As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his third amended complaint violates Federal Rules of Civil Procedure 18 and 20.

**D.      Excessive Force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously

and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7, 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

In the Eighth Amendment context, the Ninth Circuit has held that mere threats of bodily injury by guards against an inmate fail to state a cause of action. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (it "trivializes the eighth amendment to believe a threat constitutes a constitutional wrong.").  To state an Eighth Amendment claim involving a threat by a prison official, the Plaintiff must allege circumstances that demonstrate a verbal threat of deadly force accompanied by the intent to carry out that threat or, in other words, an objective or subjective substantial risk of harm.  See Oliver v. Noll,  No. C 09-3840 RMW (PR), 2012 WL 2055033, at *2-3 (N.D. Cal. June 5, 2012) (citing cases); Parker v. Asher, 701 F. Supp 192, 195 (D. Nev. 1988) (concluding that an allegation of verbal threats and aiming a loaded taser gun at an inmate states a cognizable claim of cruel and unusual punishment); Northington v. Jackson, 973 F.2d 1518, 1522-24 (10th Cir. 1992) (reversing dismissal of section 1983 action where state actor "put a revolver to [plaintiff's] head without identifying himself as a corrections officer, [and] threatened to kill him).

With regard to Plaintiff's claims of excessive force, the Court finds the allegations are insufficient to give rise to a plausible claim for relief.  As stated above, Plaintiff raises several unrelated allegations involving the same factual circumstances regarding the alleged use of "physical force" and resulting false allegations.  Notwithstanding the fact that several of the allegations are barred by the statute of limitations and are not related, the conclusory and vague allegations also fail to state a plausible claim for relief.   Simply stating several different officials

10

used "physical force" against him does not provide sufficient information to state a plausible claim for relief.  See Medel v. Arakawa, 2025 WL 1356941, at *2 (C.D. Cal. Apr. 2, 2025) (dismissing plaintiff's claim for failure to "allege any facts or circumstances surrounding the alleged use of force [ ], such as where the incident occurred, how [p]laintiff came to encounter Officer Varella, or what Plaintiff was doing when Officer Varella released the police dog."); Barrow v. Warden California Med. Facility, 2011 WL 5083154, at *3 (E.D. Cal. Oct. 25, 2011) (finding that the plaintiff failed to sufficiently describe the circumstances surrounding the use-of-force incident, leaving the court unable to discern the motivation for the alleged conduct or determine whether the plaintiff claimed any resulting injury.); Wallace v. Hefner, 2007 WL 3096555, at *3 (E.D. Cal. Oct. 22, 2007) ("plaintiff's allegations are not sufficient to give rise to a claim for relief against defendant for violation of plaintiff's Eighth Amendment rights. Plaintiff has not alleged facts indicating that the force used by defendant was not a de minimus use of physical force applied in a good-faith effort to maintain or restore discipline. Therefore, the court finds that plaintiff fails to state a claim against defendant for violation of her rights under the Eighth Amendment.").  Accordingly, Plaintiff fails to state a cognizable claim for relief.

### E.    Due Process

Plaintiff's due process claims also fails because he has not adequately alleged that he was deprived of procedural protections during the disciplinary proceedings. "The inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). "The Supreme Court's decision in Wolff bestows a substantial amount of discretion upon prison officials to decide whether and when to call live witnesses at a disciplinary hearing." Buren v. Waddle, 2016 WL 5890030, at *2 (E.D. Cal. Oct. 11, 2016). Prison officials may choose to refuse an inmate's request to call witnesses for reasons of "irrelevance, lack of necessity, or the hazards presented in individual cases." See Wolff, 418 U.S. at 566. In Wolff the court suggested it would be "useful," but did not require, that prison officials provide written reasons for denying an inmate the right to call live witnesses. Baxter v. Palmigiano, 425 U.S. 308, 323 (1976). Meanwhile, "[A]s a general

11

rule, inmates 'have no constitutional right to confront and cross-examine adverse witnesses' in prison disciplinary hearings." Santibanez v. Havlin, 750 F. Supp.2d 1121, 1128 (E.D. Cal. 2010). Still, a prison disciplinary body may not arbitrarily refuse to consider exculpatory evidence, including video surveillance. See, e.g., Howard v. Copenhaver, 2015 WL 404092 *3 (E.D. Cal. Jan. 28, 2015); Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813-14 (10th Cir. 2007) (an unjustified refusal to produce and review video that a prisoner contends would bolster his defense is a deprivation of the right to due process).

Here, Plaintiff makes several conclusory and vague unrelated allegations of denial of witness testimony and exculpatory evidence at several different disciplinary hearings which resulted in the loss of good time credits.  With respect to witness testimony, Plaintiff has not alleged whether he requested witness testimony and what justification, if any, Defendant(s) provided in denying Plaintiff's requests.  Plaintiff has also not alleged the existence of relevant witness testimony.  "The Supreme Court's decision in Wolff bestows a substantial amount of discretion upon prison officials to decide whether and when to call live witnesses at a disciplinary hearing." Buren v. Waddle, 2016 WL 5890030, at *2 (E.D. Cal. Oct. 11, 2016). Prison officials may choose to refuse an inmate's request to call witnesses for reasons of "irrelevance, lack of necessity, or the hazards presented in individual cases." See Wolff, 418 U.S. at 566. In Wolff the court suggested it would be "useful," but did not require, that prison officials provide written reasons for denying an inmate the right to call live witnesses. Baxter v. Palmigiano, 425 U.S. 308, 323 (1976). Meanwhile, "[A]s a general rule, inmates 'have no constitutional right to confront and cross-examine adverse witnesses' in prison disciplinary hearings." Santibanez v. Havlin, 750 F. Supp.2d 1121, 1128 (E.D. Cal. 2010). Thus, because there is no constitutional right to call or cross-examine adverse witnesses, even assuming Plaintiff's request to do so was denied, he fails to state a cognizable constitutional claim.

Plaintiff also contends that he was not permitted to present unspecified documentary evidence in his defense. However, the third amended complaint does not allege facts indicating that Plaintiff was completely precluded from presenting documentary evidence, nor does it assert facts explaining the relevance of the excluded evidence, any reasons the evidence was excluded,

or how its exclusion prejudiced him. Thus, Plaintiff's mere conclusory assertion that the exclusion of unspecified documentary evidence violated his due process rights is insufficient to state a claim. See Crutcher v. Cate, 2012 WL 6023752, at *6 (C.D. Cal. July 30, 2012), report and recommendation adopted, 2012 WL 6022865 (C.D. Cal. Dec. 4, 2012) (noting that "a prisoner's right to call witnesses and present documentary evidence at a disciplinary hearing is not unlimited" and that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits" including limiting presentation of documentary evidence).

### F.     False Rules Violation Reports

Prisoners do not have a liberty interest in being free from false accusations of misconduct. This means that the falsification of a report, even when intentional, does not alone give rise to a claim under § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports[ ]").  Accordingly, Plaintiff fails to state a cognizable claim for any alleged false allegations.

### G.     Conspiracy

Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an " 'actual deprivation of his constitutional rights resulted from the alleged conspiracy,' " Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). " 'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' " Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). A plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum,

13

866 F.2d at 1126). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are vague and conclusory. Although Plaintiff refers to the fact that Defendants allegedly "conspired," he has not alleged facts showing that any of the Defendants agreed to violate Plaintiff's rights. Plaintiff does not provide any specific facts showing that any of the Defendants had an agreement to have him assaulted or otherwise violate his constitutional rights. Therefore, Plaintiff fails to state a claim for conspiracy.

**H.      Criminal Charges**

With regard to the state court criminal proceedings, Plaintiff cannot challenge the validity of his confinement, not the conditions of his confinement. Plaintiff's claims must therefore be raised in a habeas corpus petition, and not in a 1983 civil rights action. Hill v. McDonough, 547 U.S. 573, 579 (2006) (" 'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.' ... An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.") (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).

**I.      Access to Courts**

14

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343 (1996). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), abrogated on other grounds as recognized in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

An inmate alleging a violation of this right must show that he suffered an actual injury. Lewis, 518 U.S. at 349-51. That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. Id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354-55. Because actual injury is a jurisdictional requirement that may not be waived, an actual injury must be sufficiently alleged in order to state a claim for relief. Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

Here, Plaintiff references denial of access to the courts; however, his claims are conclusory and fail to give rise to a claim for relief. Plaintiff fails to identify such cases with sufficient particularity for the court to evaluate the elements of an access to the courts claim. As noted, plaintiff must specifically identify an actual injury. Plaintiff fails to allege specific and actual prejudice to a pending non-frivolous case based on the denial of access to the courts. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**J.      Equal Protection**

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. at 556. Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz

15

v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying intermediate scrutiny to claim of discrimination on the basis of gender).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

To the extent Plaintiff is attempting to bring an equal protection claim, such claims fails as there are no allegations to support a violation.  Accordingly, Plaintiff fails to state a cognizable claim for relief

**K.     Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

16

Plaintiff's allegations fail to give rise to a claim for retaliation. Other than plaintiff's conclusory statement that certain adverse actions were retaliatory, Plaintiff includes no facts suggesting such adverse actions were taken because Plaintiff filed a court action. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (a prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right). Plaintiff alleges such actions were taken some time after his court action, but that alone is not enough to show a retaliatory motive. Speculation is insufficient, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and in reviewing retaliation claims, courts have cautioned against "engag[ing] in the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this.'" See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (citation omitted). Rather, Plaintiff must allege specific facts demonstrating the nexus between the protected conduct and the alleged adverse action. Accordingly, Plaintiff fails to state a cognizable claim for retaliation.

**L.      Deliberate Indifference to Serious Medical Needs**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The following are examples of indications that a prisoner has a "serious" need for medical treatment: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. See

17

Farmer, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citing Farmer, 511 U.S. at 837).

Here, Plaintiff simply claims in vague and conclusory terms that prison officials failed to comply with the discharge instructions from the hospital, doctors were negligent, and he was not provided adequate testing and surgery. However, Plaintiff fails to set for any facts to support the claim that he suffered a serious medical condition or that any medical and/or prison officials knew of and disregarded an excessive risk to his health and safety. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need.

**M.    Property Deprivation**

The negligent or intentional but unauthorized deprivation of property by a person acting under color of state law does not constitute a violation of the procedural requirements of the Due Process Clause if a meaningful state post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zinermon v. Burch, 494 U.S. 113, 129-32 (1990). Thus, where a state provides adequate post-deprivation remedies for random, unauthorized deprivations of liberty or

property, a section 1983 cause of action will not exist. See King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); see also Willoughby v. Luster, 717 F. Supp. 1439, 1443 (D. Nev. 1989) ("[W]here a state provides adequate post-deprivation remedies for the intentional or negligent deprivation of property, a § 1983 claim alleging a violation of due process of law will not lie"). "[B]y providing the plaintiff with adequate means for seeking redress of his loss, the state has provided 'due process of law.' " Willoughby, 717 F. Supp. at 1443 (citations omitted).  And the Ninth Circuit has expressly held that California provides an adequate post-deprivation state remedy for the unauthorized taking of property through the California Government Claims Act, thus barring a section 1983 due process challenge. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895); see also Stribling v. Wilson, 770 F. App'x 829, 830 (9th Cir. 2019) ("The district court properly dismissed Stribling's Fourteenth Amendment due process claim because Stribling failed to allege facts sufficient to show that a meaningful post-deprivation remedy was unavailable to him.").

To the extent Plaintiff alleges that prison officials improperly confiscated and/or destroyed his property, he fails to state a cognizable claim for relief.  Because the deprivation of Plaintiff's property is a negligent or unauthorized intentional deprivation and California provides an adequate post-deprivation remedy, Plaintiff cannot state an actionable due process claim. Granting Plaintiff leave to amend this claim would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile").

### N.      Further Leave to Amend

For the reasons set forth above, Plaintiff's third amended complaint fails to comply with Rule 8, Rule 18, or Rule 20; it again asserts multiple time-barred claims; and it fails to allege specific facts that support a plausible claim for relief under § 1983.  The Court finds further leave to amend this claim is not warranted because Plaintiff was previously advised of the pleading requirements of Rule 8 and Plaintiff nevertheless fails to allege any plausible claim. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his

19

complaint); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile ... or where the amended complaint would be subject to dismissal"). Rather than addressing the deficiencies in his prior complaints, Plaintiff continues to raise time-barred and unrelated claims supported only by conclusory assertions. Thus, further amendment would be futile and leave to amend is not warranted.

### IV.

### RECOMMENDATION

Based on the foregoing, Plaintiff's third amended complaint fails to state a claim and further leave to amend should be denied. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Accordingly, it is HEREBY RECOMMENDED that Plaintiff's third amended complaint be dismissed for failure to state a claim, without further leave to amend, and this case be closed.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with this Findings and Recommendation, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 11, 2026**                          _____

STANLEY A. BOONE
United States Magistrate Judge

20